NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL JESSE CASTILLO, *Appellant.*

No. 1 CA-CR 17-0240
FILED 7-19-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-136078-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**P E R K I N S**, Judge:

¶1        Manuel Jesse Castillo appeals his convictions and sentences
for one count of disorderly conduct and one count of criminal damage.
After searching the entire record, Castillo's defense counsel identified no
arguable, non-frivolous question of law. In accordance with *Anders v.
California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense
counsel requested that we search the record for fundamental error. Castillo
was given an opportunity to file a supplemental brief *in propria persona*, but
has not done so. We have reviewed the record and found no error.
Accordingly, Castillo's convictions and resulting sentences are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In July 2016, Victim—Castillo's brother—was staying at his
parents' home. Castillo lived only two houses away from his parents and
he visited his parents' home often. One afternoon, Castillo was upset and
began slamming doors inside his parents' home. When Castillo did not stop
slamming the doors, Victim told Castillo to leave until their parents came
home. Castillo left, intending to return, and Victim locked the door.

¶3        When Castillo returned, Victim refused to let him back inside
and Castillo became more upset and began to bang on the metal security
door with a vacuum and a pickaxe. While Castillo was banging on the door
with a pickaxe, Victim was standing near the door and was almost hit when
the pickaxe pierced the metal security door. Victim eventually called the
police for assistance because Castillo remained outside yelling and banging
on the door. When the responding officer arrived, he observed Castillo
outside his parents' home as well as a pickaxe and a vacuum in the front
yard. He also observed that the metal security door had two holes in it that
appeared to be caused from the outside.

¶4        Castillo was charged with one count of disorderly conduct, a
class six felony, and one count of criminal damage, a class two
misdemeanor. Castillo was convicted on both counts, and the jury found as

aggravating circumstances that the disorderly conduct was a dangerous offense and that both crimes were domestic violence offences. The court imposed the minimum statutory sentence of 1.5 years for the disorderly conduct offense and time served for the criminal damage offense. The sentences imposed on each count run concurrently and Castillo was appropriately awarded thirty-four days of presentence incarceration credit.

## DISCUSSION

¶5　　　　On appeal, we view the facts as reflected in the record in the light most favorable to sustaining the conviction. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 (describing our *Anders* review process). A person commits disorderly conduct if, as relevant here, the person knowingly or intentionally disturbs the peace and quiet of a neighborhood, family, or person by recklessly handling, displaying, or discharging a deadly weapon or dangerous instrument. Ariz. Rev. Stat. ("A.R.S.") § 13-2904(A)(6) (2018). A person commits criminal damage if, as relevant here, the person recklessly defaces or damages property of another person. A.R.S. § 13-1602(A)(1). A felony is considered a dangerous offense when a person uses, threatens to use, or possesses a deadly weapon or dangerous instrument during the commission of the crime. A.R.S. § 13-701(D)(2). A domestic violence offense is committed when, as relevant here, a person commits an offense in violation of A.R.S. § 13-1602 or A.R.S. § 13-2904 and the victim is related to the defendant as a brother. A.R.S. § 13-3601(A)(4). Our review of the record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Castillo is guilty of the charged offenses and aggravating circumstances.

¶6　　　　The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Castillo was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of eight jurors, and the record shows no evidence of jury misconduct. A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Castillo's presumption of innocence. At sentencing, Castillo had the opportunity to speak and the court stated on the record the factors it found in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed are within the statutory limits. A.R.S. § 13-2904(B); A.R.S. § 13-704(A); A.R.S. § 13-1602(B)(6); A.R.S. § 13-707(A)(2).

**CONCLUSION**

**¶7**　　　This Court has searched the record for fundamental error and has found none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (1999) (in an *Anders* appeal, "the court reviews the entire record for reversible error"). Accordingly, Castillo's convictions and resulting sentences are affirmed.

**¶8**　　　Upon filing of this decision, defense counsel is directed to inform Castillo of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Castillo has thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4